# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRIAN GATES,**

      **PLAINTIFF,**

**-VS-**              **CASE NO.  6:08-CV-1534-ORL-31KRS**

**UNITED STATES DEPARTMENT OF
JUSTICE,**

      **DEFENDANT.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:**   **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 2)**
>
> **FILED:**    September 5, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

    Before considering Plaintiff Brian Gates's motion to proceed *in forma pauperis*, the Court is required to consider whether Gates's complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* Local Rule 4.07; *Hamaas v. Florida*, No. 305CV771J99HTS, 2005 WL 2063787, at *1 (M.D. Fla. Aug. 22, 2005)(noting that "28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006)(citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir.1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction even when a party has not challenged it. *See, e.g.*, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Gates's complaint consists of eighty-four rambling, typewritten pages in which he appears to name at least three individuals and numerous unnamed "military personnel, or ex-military personnel" involved in some type of discriminatory scheme to harass or deprive Gates of either 1) tickets on a Greyhound Bus (by dishonoring his bank card), Doc. No. 1, at 4-5; 2) housing, either at a local Orlando homeless shelter or elsewhere, *id.*; or 3) unspecified employment, *e.g.*, *id.* at 2.  In his affidavits, Gates makes vague references to flight school, education loans, and a contact letter from SunTrust bank denying his application for a credit card. *E.g.*, Doc. No. 1-2, at 28.  Also, Gates includes affidavits averring that unknown parties from his past have used communication devices and intentionally impersonated voices in order to retaliate against him. *E.g.*, *id.*, at 61-62. Gates further avers that he suffered "excruciating back pain" while, and as a direct result of, typing his complaint at the Orange County, Florida courthouse.  *Id.* at 64.

It does not appear that any of these allegations pertain in any way to the U.S. Department of Justice, named as Defendant in Gates' action.  Gates directly cites no federal law, though makes

general references to Title 26 of the United States Code and criminal provisions in Title 18 of the United States Code.

Even under the most liberal notice pleading standard, Gates's complaint fails to state any basis upon which this Court could exercise jurisdiction in this case. This Court only has jurisdiction to decide disputes between parties who reside in different states or that arise from a violation of a federal law or the United States Constitution.  Furthermore, an individual may not bring criminal charges against someone by filing a complaint in this Court.  Rather, the individual should report alleged crimes to the local police or prosecutor.[1]

Accordingly, I recommend that the Court **DISMISS** Gates's complaint without prejudice, **DENY** the Application to Proceed without Prepayment of Fees, Doc. No. 2.  I further recommend that the Court give Gates twenty days from the date of its ruling on this Report and Recommendation to file an amended complaint, if jurisdiction over his claims exists in this Court.

In amending, Gates must name as defendants only those persons who are responsible for the alleged violations.  Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated, or allege that he lives in a different state from the state in which each defendant resides.  It is improper for Gates merely to list constitutional rights or federal laws. Gates must provide facts to support the claimed violations.  Gates should clearly describe <u>how each named defendant</u> is involved in the alleged constitutional violation(s) or violation of federal law(s) in the body of the amended complaint.

---

[1] I note that Gates has filed two other cases in this Court.  *See Gates v. Department of Justice*, 6:08-cv-1527-Orl-98DAB; *Gates v. Miami Police Department*, Case No. 6:08-cv-1535-Orl18GJK (which also names the United States Department of Justice as a defendant).

If Gates intends to allege a <u>number</u> of <u>related</u> claims, then he must set forth each claim in a separate paragraph in the same complaint.  However, if the claims are <u>not</u> <u>related</u> to the same basic issue or incident, then each claim must be addressed in a separate complaint. Gates may file a new Application to Proceed without Prepayment of Fees with his amended complaint.  The Clerk of Court is directed to mail a copy of this Report and Recommendation to Gates at his address of record.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 10, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party